WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dominique Antaune White,<br><br>    Plaintiff,<br><br>v.<br><br>Department of Veterans Affairs, et al.,<br><br>    Defendants. | No. CV-24-00013-PHX-DLR<br><br>**ORDER** |

Before the court are the Government's motion to dismiss (Doc. 25) and several motions submitted by Plaintiff Dominique Antaune White (Docs. 21, 22, 23, & 33). For the reasons set forth herein, the Court grants the Government's motion, rendering White's motions moot.

**I.    Background**

White, who is self-represented, alleges that he visited the Veteran Medical Center in Phoenix, Arizona in 2017. (Doc. 1 at 4.) He claims that, during his visit, he was forcefully administered drugs and sexually assaulted. (*Id.*) He filed this claim on January 3, 2024. (*Id.* at 1.) He has since filed several motions: a "motion to have medical information disclose[d] to cooperate with investigation" (Doc. 21); a "motion for concern of safety and security for pittybike@gmail.com" (Doc. 22); a "motion in remembrance of Maggie Hurtzell" (Doc. 23); and a "motion to comply with federal investigation" (Doc. 33).

White did not submit an administrative claim to the Department of Veterans Affairs ("VA") prior to filing suit. (Doc. 25-1.) The Government now moves to dismiss for lack of subject matter jurisdiction due to White's failure to exhaust his administrative remedies. (Doc. 25 at 1.)

**I.   Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *overruled on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *see also Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011). "Motions to dismiss under this Rule 'may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact.'" *Sabra v. Maricopa Cnty. Comty. Coll. Dist.*, 479 F. Supp. 3d 808, 813 (D. Ariz. 2020) (quoting *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006)).

In resolving a facial attack, the court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. *Renteria*, 452 F. Supp. 2d at 919. Dismissal is improper unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his claim that would entitle him to relief. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In resolving a factual attack, on the other hand, the court does not attach presumptive truthfulness to the allegations in the pleading, and the court may review any evidence outside the pleadings, including affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

**II.   Analysis**

The Government attacks subject matter jurisdiction both facially and factually. To establish subject matter jurisdiction in a case against the United States, there must be (1) "statutory authority vesting a district court with subject matter jurisdiction," and (2) "a waiver of sovereign immunity." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008,

1016 (9th Cir. 2007). Even where statutory authority vests the Court with subject matter jurisdiction, the Government must consent to suit. *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087–88 (9th Cir. 2007). A waiver of sovereign immunity must be express and unequivocal, and the Court must construe these waivers in favor of the Government. *Id.* at 1088.

The Federal Tort Claims Act ("FTCA") provides a limited statutory waiver of the United States' sovereign immunity for cases like White's. The FTCA provides that the United States can be sued for tort claims arising from negligent or wrongful acts of federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1). But for any such claim to survive, a claimant must strictly comply with the FTCA's prerequisites to filing suit. *See Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). The FTCA requires claimants to file an administrative claim with the appropriate administrative agency before bringing suit. 28 U.S.C. § 2675; *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000); *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). "The requirement of an administrative claim is jurisdictional" and therefore must be "strictly adhered to." *Brady*, 211 F.3d at 502.

Here, even construing the Complaint liberally,[1] it contains no allegation that White submitted an administrative claim prior to filing suit. Thus, facially, the claim is lacking subject matter jurisdiction. But the Government has also submitted evidence that White cannot amend his complaint to allege compliance because he, in fact, never filed an administrative claim. The Government submitted a declaration from Cynthia Hernandez, Deputy Chief Counsel of the VA, who attested that any administrative claim White submitted would have been recorded in the VA's computerized database. (Doc. 25-1.) That database contains no record of any administrative claim submitted by White. (Doc. 25-1.) White does not contest this point in his response, nor does he submit any evidence to contradict the Government's evidence. (*See* Doc. 30.) In fact, his response appears to *admit*

---

[1] "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted).

he did not submit an administrative claim. (*See id.* at 5.)

The Government has demonstrated a lack of subject matter jurisdiction requiring dismissal. White failed to exhaust his administrative remedies as required by the FTCA. The Court thus lacks subject matter jurisdiction and must dismiss the case. Dismissal renders White's motions moot.

**IT IS ORDERED** that the Government's motion to dismiss (Doc. 25) is **GRANTED**. The case is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk of the Court is directed to terminate all remaining motions as moot and close this case.

Dated this 4th day of December, 2024.

Douglas L. Rayes
Senior United States District Judge